**Benjamin F. MIESSNER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 12674.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 8, 1955.

Decided Dec. 22, 1955.

Mr. Conder C. Henry, Washington, D. C., for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Mr. Leo A. Rover, U. S. Atty., Mr. Lewis Carroll and Miss Catherine B. Kelly, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

May 27, 1954, Benjamin F. Miessner filed an appeal to the Patent Office Board of Appeals from an examiner's rejection of a claim in his patent application, and paid the required appeal fee of $25.00. He later learned that on the same day—whether before or after he took the appeal does not appear—the examiner withdrew the final rejection by allowing the appealed claim. This action gave him the relief sought by the appeal.

On the theory that he had paid the fee of $25.00 by mistake because the appeal became unnecessary on the day he filed it, Miessner requested the Commissioner of Patents to refund the money. The Commissioner refused, whereupon Miessner brought this suit against the United States to recover the amount of the fee. He appeals from the District Court's order of dismissal entered pursuant to the Government's motion.

It is provided in 35 U.S.C. § 42 that "* * * the Commissioner may refund any sum paid by mistake or in excess of the fee required by law." Appellant argues that this statute mandatorily requires the repayment of money paid by mistake; that the fee here involved was paid by mistake; that therefore he is entitled to judgment against

**644**

the United States. If the quoted statutory provision is mandatory—which we do not decide—it is still the function of the Commissioner to decide whether the sum sought to be recovered was paid by mistake. Here the Commissioner decided—correctly, we think—the appeal fee was not paid by mistake. That being true, he was not obliged to make the refund, and the United States cannot be held liable.

Affirmed.

FAHY, Circuit Judge, concurs on the ground the District Court lacked jurisdiction.